THE STATE OF OHIO, APPELLEE, *v.* CREBS, APPELLANT.

(No. 2313 — Decided December 23, 1987.)

*Frank C. Oehl,* assistant prosecuting attorney, for appellee.

*Eric D. Ritz,* for appellant.

GEORGE, J. James R. Crebs, Jr., defendant-appellant, was charged with leaving the scene of an accident, R.C. 4549.02, and reckless operation, R.C. 4511.20. He was summoned to court on July 25, 1987. On August 4, 1987, he appeared and requested a continuance so that he might have the opportunity to obtain counsel. A continuance was granted until August 11, 1987. On that date the defendant appeared without counsel and pleaded not guilty. A trial to the court, scheduled for August 27, 1987 at 11:00 a.m., was to proceed as scheduled.

However, on August 27, 1987, the date of trial, the defendant filed a written motion, requesting that counsel's name be placed upon the docket, a continuance, a pre-trial, and further demanding a jury trial. At the appointed hour of the trial, the defendant appeared again without counsel. He told the trial court that he had only first gone to an attorney's office at 4:00 p.m. the day before. The written motion, signed by intended counsel, confirmed this. The defendant explained that while he had talked with counsel several times by telephone prior to August 26, 1987, he was unable to get the money necessary to employ counsel. He orally requested that the trial be rescheduled. No affidavit of indigency was included within the file, nor was such status suggested from the proceedings. The state objected to the granting of a continuance as it was prepared to proceed and had its witnesses ready to testify.

This second motion was denied and the trial proceeded. Three witnesses testified for the state and the defendant made a statement of admission. The defendant was found guilty of both offenses. Thereafter, this appeal followed and one assignment of error has been raised.

"Assignment of Error

"The trial court erred by denying appellant his fundamental rights to counsel and a fair trial in violation of Section 10, Article I of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution."

The defendant claims that the denial of his second request for a continuance, for the purpose of securing counsel, made on the scheduled date of trial, denied him his constitutional rights to have counsel represent him. The record indicates that the defendant had more than a month from the time he was first summoned to court until the scheduled date of trial to secure counsel. He had the responsibility for retaining counsel of his choice in time to meet the scheduled trial date. He had sought and been granted one continuance for the purpose of seeking counsel. However, he returned to court without being represented by counsel and entered his plea of not guilty.

Upon review, this court will not reverse the trial court's denial of a continuance unless there is a showing of an abuse of discretion. *State* v. *Unger* (1981), 67 Ohio St. 2d 65, 21 O.O. 3d 41, 423 N.E. 2d 1078. Thus, the record must demonstrate that the trial court's denial of the second continuance was an unreasonable, arbitrary or unconscionable decision. See *State* v. *Marinchek* (1983), 9 Ohio App. 3d 22, 9 OBR 23, 457 N.E. 2d 1198. The denial of a continuance must be considered along with the need for the efficient and effective administration of justice. A request for a continuance cannot be used as a vehicle to frustrate the orderly ad-

ministration of justice. Under the circumstances here, no abuse of discretion has been shown.

The defendant had previous convictions—1984, a stop sign violation; 1985, a driving while under the influence conviction; and, 1987, a reckless operation conviction, arising out of another driving-while-under-the-influence charge. He appreciated the need to have counsel represent him, requesting and securing a continuance for that very purpose. Additionally, his prior convictions gave him an awareness of the nature of the charges against him.

To determine whether a waiver of counsel may be inferred, the circumstances of each case must be considered. *Johnson* v. *Zerbst* (1938), 304 U.S. 458, 464, and *Ungar* v. *Sarafite* (1964), 376 U.S. 575. Here, the defendant was experienced with the court system as he knew how to ask for and obtain a continuance. The defendant did not seasonably seek a second continuance and further he did not waive his right to a speedy trial. The criminal justice system was not new to him. He had knowledge of the nature of the charges and knew the scheduled trial date well in advance.

The defendant failed to take effective action to obtain counsel. His second motion for a continuance, filed on the date of trial, was an unreasonable request to delay the trial.

There is nothing in the record before the date of trial indicating a desire or need for counsel after his first motion for a continuance was made and granted. The defendant's second request, on the date of trial, to delay the trial in order to have counsel represent him, under the circumstances of this case, was properly denied. He had waived his right to counsel. *State* v. *Hook* (1986), 33 Ohio App. 3d 101, 514 N.E. 2d 721.

Thus, it was not error for the trial court to deny the second motion for a continuance on the date of trial or to infer that the defendant had waived his right to counsel. For the foregoing reasons, the assignment of error is overruled and the judgment of conviction is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and BAIRD, J., concur.