**The STATE of Ohio, Appellee,**

v.

**WAGNER, Appellant.**

[Cite as *State v. Wagner* (1993), 88 Ohio App.3d 27.]

Court of Appeals of Ohio,
Ross County.

No. 1914.

Decided May 21, 1993.

---

*Judith A. Heimerl,* Assistant Law Director, for appellee.

*James Kura,* Ohio Public Defender, and *John M. Scherff,* Assistant Public Defender, for appellant.

GREY, Judge.

This is an appeal from the Municipal Court of Chillicothe. Timothy Wagner, acting *pro se,* was found guilty of violating R.C. 2903.13, assault, a first degree misdemeanor.

On August 4, 1992, a complaint was filed alleging that Wagner assaulted Antonio Vera on January 24. A summons issued the next day and Wagner was arraigned on August 14, 1992. At the arraignment, Wagner was advised of his rights and signed a waiver. He did not have an attorney and the following conversation took place regarding counsel:

"COURT: And do you wish to get a lawyer?

"WAGNER: I'd like to represent myself.

"COURT: All right.

"WAGNER: I can't really afford it. I mean I'm workin'. I don't think you all would give me a court appointed but I can't afford to pay a hundred dollar lawyer fee. I really don't think a man should have to just because somebody said, well, you did something and it's gonna cost me any way I go about it.

"COURT: Well, . . .

"WAGNER: I'd like to plead not guilty and just represent myself right now.

"COURT: All right, sir. You understand if you qualify, you are eligible for court appointed lawyer. Do you understand that, sir?

"WAGNER: Yeah.

"COURT: All right. Now, my understanding is that it is your feeling in the matter that you would like to waive an attorney and represent yourself. Is that correct?

"WAGNER: Yeah."

Wagner was told that he would still be able to get a lawyer before trial if he changed his mind. He signed a waiver and trial was set for October 6, 1992.

On October 6, he appeared for trial and the following exchange took place regarding his lack of counsel:

"COURT: Mr. Wagner you are representing yourself, correct?

"WAGNER: Well, I was hoping—I thought about it, but I decided here, sitting here today I had better . . .

"COURT: Yes sir.

"WAGNER: I would like to see if I could get a court appointed lawyer.

"COURT: Let's see now. When was the arraignment on this? I don't—you have come in since, have you not?

" * * *

"WAGNER: Well now, we was here—I was here a couple of weeks ago about some video tapes.

" * * *

"COURT: So far as I understand it, on August 14th, Judge Cutright explained rights and pleas. At that time you decided to represent yourself. You represented yourself very ably in the trial two weeks ago. That's why I remember seeing you. And in all that time, it has only occurred to you today that you ought to have an attorney?

"WAGNER: Well, I—I feel like—I felt like I didn't do anything wrong, but if—an assault charge is pretty serious and I feel like I would rather have . . .

"COURT: The last time you were charged with something equally serious, as a matter of fact, a second offense would have been a felony.

"WAGNER: Well . . .

"COURT: This isn't that way.

"WAGNER: Well, I've heard—now I don't know it, he's wanting a civil suit against me because of it.

"COURT: Mr. Vera has an attorney with him.

"WAGNER: And that's what—that's why I, you know, I would like to have the best—the best defense I could. And I'm not a lawyer."

The prosecution noted that all of its witnesses were present and it was prepared to go forward. Relying on *State v. Crebs* (1987), 42 Ohio App.3d 50, 536 N.E.2d 52, the court denied Wagner's request.

During the trial he cross-examined witnesses, posited objections and, despite the fact he had not subpoenaed witnesses, presented a witness on his behalf. He attempted to assert a self-defense defense. At the conclusion of the trial, Wagner was found guilty. He was sentenced to one hundred twenty days and fined $350 plus costs. Through counsel, Wagner timely filed a notice of appeal. He assigns the following error:

"Assignment of Error

"The trial court erred in denying the Defendant's request for counsel, thereby denying the Defendant–Appellant his right to a fair trial in violation of Section 19, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution."

Wagner says the court erred in applying *Crebs* and should have granted a continuance so he could obtain counsel. The state says *Crebs* is on point, was properly applied and the court did not err.

The granting of a continuance is within the sound discretion of the trial court. *State v. Unger* (1981), 67 Ohio St.2d 65, 21 O.O.3d 41, 423 N.E.2d 1078. A reviewing court will not reverse the trial court's denial of a continuance unless

there is a showing of an abuse of discretion. *Crebs, supra,* 42 Ohio App.3d at 51, 536 N.E.2d at 53. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 573 N.E.2d 622; *State v. Moreland* (1990), 50 Ohio St.3d 58, 552 N.E.2d 894; *State v. Montgomery* (1991), 61 Ohio St.3d 410, 575 N.E.2d 167; *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715.

 A reviewing court must apply a totality of the circumstances test to balance the defendant's right to counsel, *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, against the trial court's need for the efficient and effective administration of criminal justice. *United States v. McMann* (C.A.2, 1967), 386 F.2d 611. See, also, *Crebs, supra,* at syllabus; *Johnson v. Zerbst* (1938), 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. In *State v. Hook* (1986), 33 Ohio App.3d 101, 514 N.E.2d 721, the court noted that when a defendant refuses to take effective action to obtain counsel, and on the day of trial requests a continuance in order to delay the trial, the court may infer a waiver of the right to counsel. In so doing, the court must take into account the total circumstances of the individual case, including the background, experience and conduct of the defendant.

 The defendant in *Hook* had been found guilty of operating a gambling house and gambling, but that conviction was overturned and a new trial granted. On the date of trial, Hook asked for a continuance to obtain counsel. The court noted that the defendant was not unfamiliar with the justice system or with the particular case. He also knew, well in advance, the date of the scheduled trial. The court considered two and one-half months adequate time for the defendant to obtain counsel. *Hook,* citing, *Ungar v. Sarafite* (1964), 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921.

In *Crebs,* the defendant was charged with traffic violations. He moved for a continuance to obtain counsel. The continuance was granted. On the date of trial, Crebs filed a written motion requesting that counsel's name be placed upon the docket, a continuance, a pretrial, and further demanding a jury trial. At the appointed hour, he appeared again without counsel. He said he had talked to several attorneys, had visited one the day before and had been unable to get the money necessary to employ counsel. He orally requested that the trial be rescheduled. His request was denied, he was tried and found guilty. In *Crebs,* the court noted that he had previous traffic convictions, was aware of the nature of the charges against him and that twenty-three days had elapsed between the time he requested his first continuance and the day of trial.

In *State v. Frost* (1993), 86 Ohio App.3d 772, 621 N.E.2d 1259, the probationer appeared without counsel and asked for a continuation to obtain counsel. Probation was revoked. Frost had been convicted of burglary, a second degree felony. In reversing the trial court's decision, the Sixth District Court of Appeals found *Hook* and *Crebs* inapposite because the offenses were minor compared to Frost's. It also noted that Hook and Crebs were free to seek counsel while Frost had been incarcerated.

In *State v. Jackson* (Sept. 4, 1990), Franklin App. No. 89AP–1344, unreported, 1990 WL 129284, the defendant released his court-appointed attorney on August 7 and said he would retain private counsel. The court noted that:

"Defendant was provided with appointed counsel, but chose instead to seek private representation. He was given a reasonable time, two months, to obtain private counsel or request reappointment of public counsel, yet he failed to do so. Under these facts alone, *Hook* is authority for inferring a waiver of counsel."

In *Loudonville v. McClure* (June 8, 1990), Ashland App. No. CA–952, unreported, 1990 WL 84169, McClure was charged with domestic violence. The Fifth District Court of Appeals noted:

"The record demonstrates that appellant failed to engage counsel prior to the date of trial which was held some sixteen days after arraignment. Furthermore, appellant waited until trial to move the court for a continuance. The record shows that appellant-Village was prepared to proceed on the date of trial. The trial court acted well within its discretion and authority in not granting delay in the circumstances."

While we find no bright-line test clearly enumerating those things which must be considered, we note that the cited cases focus on two important criteria. One is the importance of the right to counsel and the need for the trial court to establish in the record that the defendant had the opportunity to obtain counsel or to request the appointment of counsel if necessary. At arraignment, the court did clearly advise Wagner of his right to counsel and his right to apply for appointed counsel.

The second criterion is whether the defendant is without counsel and unable to go to trial through no fault of his own. The court should consider the time the appellant had prior to trial, any lack of physical freedom which would impair the search for counsel, the nature of the charges, defendant's familiarity with the criminal justice system, and the background, experience and conduct of the defendant. *Frost, McClure, Jackson, Crebs,* and *Hook, supra.*

The record shows Wagner had fifty-two days between the arraignment and the trial. He was free on an own-recognizance bond. He was charged with a first degree misdemeanor. He had been in court two weeks before on another misdemeanor. At the arraignment, the court informed him of the nature of the

charges, the available pleas and the possible penalties. He had done nothing to either employ private counsel or to obtain court-appointed counsel.

Wagner says he thought he had to be in court before an attorney could be appointed and he thought the court would appoint an attorney at the time of trial if he requested one. However, he had not contacted private counsel to determine whether he could afford counsel or whether counsel would have to be provided.

Wagner also says *Crebs* is inapposite because Crebs was seeking a second continuance. Assuming we were to agree with this contention, *i.e.*, that a finding that denial of a second continuance is not an abuse of discretion, this case is not authority for the proposition that denial of a first continuance is always an abuse of discretion. Regardless of the number of continuances requested, we must still apply the totality of the circumstances test found in *Hook, supra*.

Under the facts of the case before us, we cannot say the trial court's attitude was arbitrary, unreasonable or unconscionable. Wagner had effectively waived counsel at the arraignment hearing. He had taken no action to obtain counsel, private or appointed. Prosecution was ready to go forward with the case. Indeed, his request for counsel seemed to be an afterthought motivated by the fact that the victim, who was suing him for tort damages, appeared in court with counsel. We find no abuse of discretion here.

Wagner's assignment of error is not well taken and is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

HARSHA, P.J., and PETER B. ABELE, J., concur.