OPINION
On July 18, 1995, defendant-appellant, Charles Feltner, was charged with assault in violation of R.C.2903.13(A).[1] On August 7, 1995, attorney Thomas M. Dineen entered his appearance as Feltner's counsel. A pretrial hearing took place on August 21, 1995 at which the case was set for a jury trial in December 1995. At a second pretrial hearing on October 23, 1995, the trial was continued at appellant's request until January 1996. Attorney Dineen withdrew as appellant's attorney on November 20, 1995. The trial date was then moved forward to December 14, 1995.
On December 14, appellant appeared without counsel, and the trial date was continued to January 26, 1996. The trial did not take place in January. On July 31, 1996, the trial court notified Feltner that the case was set for a hearing on August 15, 1996. At that proceeding, the court set the matter for trial on September 12, 1996 and instructed Feltner that he should have an attorney by that time. Feltner indicated three times that he understood the court's instructions.
On September 9, 1996 attorney John H. Rion entered his appearance on Feltner's behalf, moved for a continuance, and made a jury demand. The trial court denied both requests. On the day of trial, attorney Steven T. Pierson from Rion's office renewed the jury demand. He also renewed the motion for a continuance on the grounds that he did not have sufficient opportunity to prepare his case, in part because he had first seen discovery only an hour before appearing in court. Both motions were denied and Pierson was permitted to withdraw as defense counsel. The case proceeded to trial, after which Feltner was convicted as charged and sentenced. Feltner filed this appeal, raising the following assignment of error for review:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY REQUIRING THAT APPELLANT PROCEED TO TRIAL WITHOUT REPRESENTATION BY AN ATTORNEY, AND APPELLANT WAS THUS DENIED HIS RIGHT TO COUNSEL AS GUARANTEED UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION.
Feltner claims that he did not knowingly, voluntarily, and intelligently waive his right to counsel and that under the circumstances of this case, he cannot be presumed to have done so. This court addressed this issue in State v. Dennis (May 2, 1994), Warren App. No. CA93-08-063, unreported, in which we found that when a defendant refuses to take effective steps to retain counsel, a valid waiver of the right to counsel may be inferred. Dennis, unreported at 4, citing State v. Crebs (1987), 42 Ohio App.3d 50,52. "To ascertain whether a waiver may be inferred, the court must take into account the total circumstances of the individual case including the background, experience, and conduct of the accused person." Dennis at 4, quoting State v. Hook (1986), 33 Ohio App.3d 101, 103.
In this case, appellant was well aware that he needed to secure counsel and be prepared for the September 12 trial date. The charges against appellant had been pending for more than one year, and his original counsel had withdrawn nine months prior to the trial date. Appellant had already obtained two continuances, including one because he did not have an attorney. At the August 15 hearing, the trial court clearly informed appellant of the upcoming trial date in the following colloquy:
 THE COURT: I'm going to put this case down for trial for September 12th. If you get an attorney and he files a jury demand, we'll have a jury trial. If you don't we're going to have a trial.
 MR. FELTNER: Okay. That's what I'm going to do then.
 THE COURT: When you come back here, you have an attorney or a jury demand filed. If you don't, on the 12th we're going to go to trial.
MR. FELTNER: Okay.
THE COURT: All right?
MR. FELTNER: Okay.
* * *
 THE COURT: Okay. You heard what I said on this case. There's going to be a trial on September 12th unless he gets an attorney and files a jury demand, okay? We'll let you know what is happening, but you be here on the 12th unless you hear otherwise, okay? And you understand what I've said?
MR. FELTNER: Yes.
 THE COURT: I'll see you back here on the 12th, or have your attorney do a jury demand.
* * *
MR. FELTNER: Okay.
Despite these express instructions after months of delay, appellant arrived with an attorney who was unprepared for trial on September 12. Under these circumstances, the trial court did not err by finding that appellant had waived his right to counsel and proceeding with the trial. Appellant's assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.
[1] The charges stemmed from a disagreement between Feltner and John Haocomb, the manager of the Big Turtle Resort campground during which Feltner allegedly hit Haocomb "up side the head with a can of Pepsi."