[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
Appellant, Gilbert L. Terrell, was, after a jury trial, found guilty of violations of R.C. 4511.19(A)(1), operating a motor vehicle while under the influence, and R.C. 4511.19(A)(3), operating a motor vehicle with a prohibited breath content. The Sylvania Municipal Court sentenced appellant for the violation of R.C. 4511.19(A)(1). He appeals his conviction and asserts the following assignment of error:
 "THE TRIAL COURT ERRED IN PERMITTING APPELLANT TO REPRESENT HIMSELF WITHOUT FIRST CONDUCTING AN ADEQUATE COLLOQUY TO ENSURE THAT HIS WAIVER OF COUNSEL WAS KNOWING [sic] INTELLIGENT AND VOLUNTARY."
Appellant was arrested and charged on January 7, 1996. During the pre-trial proceedings in the municipal court, appellant was represented by appointed counsel. Initially, his counsel was Stanley Garrett; apparently, appellant later requested Garrett be discharged from his case. Counsel filed a demand for a jury trial, a motion to suppress, attended pre-trial conferences, and filed a memorandum in opposition to the prosecution's motion inlimine.
On the day of appellant's trial, November 19, 1996, during the voir dire of the possible jury members, Terrell's current counsel, M. Sean McNulty, informed the trial court that appellant no longer wanted McNulty's office to represent him.
After calling a recess, the following colloquy between the court and appellant transpired:
 "THE COURT: Mr. Terrell, what would you like to say about this?
 "MR. TERRELL: I don't believe that he has — he is — from not providing competent counsel and I'm not getting any benefit, so that's why. I can't see having him sit here and legitimatize this hearing, I just can't see that."
 "THE COURT: So you're indicating to the Court that you would prefer to, to represent yourself?
 "MR. TERRELL: No. I'm indicating I would like to have a competent counsel. I am not an attorney and cannot provide myself with competent counsel.
At that point, the court noted McNulty became involved in the case in early September 1996 and was present at a hearing prior to that time. The judge asked McNulty if he was familiar with the case and had spoken with appellant. McNulty replied in the affirmative. The trial judge then continued his dialogue with appellant:
 "THE COURT: Okay. Mr. Terrell, what is it that you feel — why is it that you feel that you're not getting competent counsel at this time?
 "Mr. Terrell: Well, I had the — you scheduled a pretrial on this case and I came over here and never had a pretrial. I had a meeting with my attorney and his assistant, but I never had a pretrial conference and I — — afterwords the, the summary of, of my attorney's words were I don't have a defense and that's pretty strong to say something like that I think. Any defense attorney without a defense, what about the truth. That works for most people. It works for me."
The court then observed that a pretrial was held two weeks prior to trial and that appellant, if he had any grave concerns about the quality of counsel's representation, could have voiced them at that time. After the court found Mr. McNulty and his assistant were familiar with the case and conducted themselves as professionals, appellant again stated he was not happy with counsel. The court again asked whether appellant wanted to represent himself. Appellant replied in the negative, asserting: "I want competent counsel just like everybody is guaranteed it." After ascertaining that Mr. McNulty was prepared to defend his client to the best of his ability, the court stated:
 "Well, to the extent that this is a request that the Defendant — that we declare a mistrial and assign some other attorney to represent the Defendant, I am going to deny your request, Mr. Terrell. I feel that you have adequate counsel, that the counsel is adequately prepared, also this appears to be some type of tactic on your part since you obviously didn't raise this issue until the jury trial started and it seems obvious that if you had been serious about wanting other counsel, that you would have raised this issue long before now and attempted to resolve this issue prior to being this jury. So to that extent your request is denied.
 "So I guess you have one of two options. You can continue with your — the attorney that's been assigned to you, or you can represent yourself. What do you choose to do at this time?
 "I might indicate that — to you that if you feel you aren't getting adequate representation and you decide to represent yourself, it would seem very difficult for you to establish at a later time that your counsel was inadequate when you discharged them as a result of your actions. But it's up to you. Whatever you want to do is entirely your choice."
In reply, appellant asserted his actions would "be consistent just like at the first hearing. Competent counsel is competent counsel." Appellant asked for a postponement to give him time to secure "competent counsel." The court denied this request and asked what appellant wanted to do. Appellant answered that he would proceed under protest and would do it by himself, "not hiding behind incompetent counsel." At several other points during the trial, appellant stated that he was proceeding under protest, that he could not represent himself, and/or that he wanted competent counsel.
Appellant asserts the determinative issue in this case is whether his waiver of counsel was knowing, intelligent and voluntary. See Faretta v. California (1975), 422 U.S. 806. We disagree.
A relatively recent decision of the Ninth District Court of Appeals addresses the dispositive issue in this case and the law applicable to that issue. See State v. Edsall (1996),113 Ohio App.3d 337, dismissed, sua sponte, no substantial constitutional question, and discretionary appeal not allowed (1997), 77 Ohio St.3d 1514.
In Edsall, the defendant was charged with two counts of aggravated burglary. On the day of trial, he appeared with his appointed attorney who told the judge that Edsall no longer wanted his services. The court continued the case for two days, telling Edsall he would have to hire a new attorney or proceed pro se with the appointed attorney sitting at counsel table with the defendant. On the new trial date, both Edsall and the appointed attorney appeared. Edsall claimed the attorney did absolutely nothing for him and asked for a postponement. The court denied the request; Edsall represented himself and was convicted. Id. at 338.
On appeal, Edsall asserted, among other things, that he was denied his Sixth Amendment right to effective assistance of counsel because the trial court forced him to represent himself without first determining on the record that his waiver of counsel was knowing, intelligent, and voluntary.
The appellate court emphasized the fact that Edsall was not a "waiver of counsel" case. Id. at 339. Rather, the court determined the defendant neither waived counsel nor asked the court to represent himself. Instead, the Edsall court found the defendant wanted a continuance for the purpose of appointment of new counsel. Thus, while the Ninth District Court of Appeals acknowledged that an indigent defendant accused of a serious offense is entitled to appointment of counsel pursuant to Gideonv. Wainwright (1963), 372 U.S. 335, and must waive counsel pursuant to Faretta, the court concluded:
 "Nevertheless, there are circumstances in which meeting the waiver requirements is not a prerequisite to pro se
representation. Though the right to counsel weighs heavily in the balance with the effective and efficient administration of justice, it can be displaced by unjustified dilatory actions by the accused." Id. at 340.
The court further reasoned the right to counsel does not impose a duty on the trial court to allow a defendant to choose his own counsel. Instead, that choice is within the sound discretion of the trial court. Id. at 341, citing Thurston v. Maxwell (1965),3 Ohio St.2d 92. The Edsall court then reviewed the defendant's assignment of error as the trial court's denial of a continuance which led to the consequence of the defendant proceeding pro se.Id. at 341-342.
In the case before us, the trial court's denial of Terrell's request for a postponement resulted in the defendant representing himself pro se. Although we cannot find Terrell waived his right to counsel, we can also find no abuse of discretion by the trial court. State v. Unger (1981), 67 Ohio St.2d 65,67; State v. Crebs (1987), 42 Ohio App.3d 50, 51. Even though Terrell alleged his counsel was "incompetent," the record demonstrates, and the trial court found, that McNulty had not neglected his duty to his client. Considering the fact that appellant had ample opportunity to request new counsel prior to trial and the analysis of the situation undertaken by the court, we cannot say the trial court, upon receiving such a request on the day of trial, abused its discretion in denying Terrell's request for a postponement and requiring the defendant to proceedpro se.
Appellant's sole assignment of error is found not well-taken.
The judgment of the Sylvania Municipal Court is affirmed. Appellant, Gilbert L. Terrell, is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ James R. Sherck, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.