OPINION
This matter presents a timely appeal from a jury verdict and judgment rendered upon such verdict by the Youngstown Municipal Court, Mahoning County, Ohio, finding defendant-appellant, Jerome Hayes, guilty of disorderly conduct, in violation of R.C. 2917.11
(A) (2), along with his subsequent sentencing thereon.
On March 4, 1998, appellant attended an administrative review conference at the offices of the Youngstown Board of Education, with the superintendent of the Youngstown City School District, Benjamin McGee (McGee). The conference was held to discuss the status of appellant's autistic daughter. Appellant became irate during the conference and told McGee that this was "the same old bullshit." Appellant's anger did not subside and he began referring to McGee as a "bullshit motherfucker" and a "sorry motherfucker." As appellant's voice raised, a secretary with the Youngstown Board of Education, Judith O'Nesti (O'Nesti), summoned the chief of security for the Youngstown City Schools, Ted Terlesky (Terlesky).
Terlesky approached the conference room and heard the commotion. Terlesky then entered the room and told McGee that he had a phone call in an attempt to provide McGee with an opportunity to leave the room. McGee passed upon this opportunity and instead proceeded with the conference. Appellant's name calling persisted and McGee ended the conference by stating that he would not continue unless appellant agreed to act civilly. Appellant got out of his chair and headed toward the door, then agreed to act civilly and returned to his chair. This agreement did not last long as appellant once more began calling McGee derogatory names. Appellant got out of his chair again and approached McGee, coming within inches of McGee's face. Appellant then began pressing his body into McGee, while continuing his verbal attack. McGee extended his arms in an attempt to provide some distance between himself and appellant. At that point, Terlesky entered the room a second time and told appellant the police were being contacted.
On March 18, 1998, appellant was arrested and charged with disorderly conduct. A jury trial was initially scheduled for April 17, 1998, however, upon the motion for continuance filed by plaintiff-appellee, City of Youngstown/State of Ohio, the trial was rescheduled to April 20, 1998. On April 20, 1998, appellant's defense counsel filed a motion to withdraw and appellant filed a motion for continuance pro se. The trial court granted both motions, thereby allowing appellant's defense counsel to withdraw and resetting the jury trial for May 21, 1998. Appellant was not represented by counsel at the commencement of trial and proceededpro se. Appellant did, however, have advisory counsel. Upon due deliberation of the testimony and evidence presented, the jury returned a verdict finding appellant guilty of disorderly conduct. The trial court thereafter entered judgment on the verdict and sentenced appellant to serve a definite, thirty-day incarceration term and to pay a $250.00 fine. This appeal followed.
Appellant sets forth three assignments of error on appeal.
Appellant's first assignment of error alleges:
 "THE TRIAL COURT ERRED IN THAT APPELLANT WAS DENIED THE CONSTITUTIONAL RIGHT TO COUNSEL PURSUANT TO THE SIXTH AMENDMENT, AS MADE APPLICABLE TO THE STATES BY THE FOURTEENTH AMENDMENT."
Appellant avers that he had a right to counsel during his jury trial and that in order for him to have waived such right, the trial court must have made sufficient inquiry to determine whether he fully understood and intelligently relinquished his right. State v. Gibson (1976), 45 Ohio St.2d 366. Appellant submits that by failing to inquire as to the waiver of his right to counsel, the trial court did not comply with either Crim.R. 44 (B) or Crim.R. 22. Furthermore, appellant argues that he did not waive his right to counsel nor could such waiver be implied from the silent record. Therefore, appellant alleges that the trial court erred in denying his right to counsel.
Appellee responds by citing State v. Hook (1986), 33 Ohio App.3d 101,103, wherein the court stated that a defendant may not delay a trial court's proceedings by claiming a right to counsel. The court in Hook explained that when a defendant delays trial proceedings with a claim of right to counsel, under certain circumstances, a waiver of the right to counsel may be inferred. Appellee also refers to State v. Crebs (1987), 42 Ohio App.3d 50, and State v. Wagner (1993), 88 Ohio App.3d 27, wherein the courts found an implied waiver of counsel through the defendants' actions.
Appellee argues that in the case at bar, appellant had defense counsel on April, 20, 1998. Appellee points out that while appellant's defense counsel made a motion to withdraw which was granted by the trial court, appellant was granted a continuance and the jury trial was rescheduled for May 21, 1998. Appellee contends that such continuance provided appellant with an adequate amount of time to secure counsel. Appellee complains that appellant moved for an additional continuance on May 18, 1998 in order to retain counsel, and that such motion was only used to delay the trial court proceedings. Appellee concludes that appellant's waiver of the right to counsel should be inferred as a result of his alleged delay tactics and his failure to retain defense counsel during the period of time following his first continuance.
In deciding whether an inferred waiver of counsel is valid, a reviewing court must look at the totality of the circumstances of each case individually. Wagner, supra at 33. Although the court in Crebs, supra, found a valid, inferred waiver of the right to counsel, the court determined that the defendant had knowledge of the criminal justice system. Similarly, the court in Hook, supra,
held that the defendant was not inexperienced with the criminal justice system. As such, these cases are distinguishable from the case at bar because appellant was not previously indicted on any other charges and had no experience with the justice system.Wagner, supra, is also distinguishable from the present matter. The defendant in Wagner, supra, waived his right to counsel in writing and verbally told the trial court that he wanted to represent himself. In the case at bar, appellant did not make a written waiver, nor did he indicate that he wanted to proceed unrepresented by defense counsel.
In State v. Glasure (1999), 132 Ohio App.3d 227, this court found that the defendant was denied his right to counsel. In so holding, we stated that a trial court must be satisfied that the defendant has made an intelligent and voluntary waiver and further, that the defendant is aware of the dangers inherent in self-representation. This court stated:
 "`To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.' * * *
 "It has been stated that `[s]uch an inquiry must be made, even when the defendant is seemingly engaging in delay tactics, because such a delaying strategy by the defendant is often employed where the defendant does not understand the crucial role of counsel in criminal cases.' * * * However, if the defendant continues with his `cat and mouse' game with the court, the court is entitled to proceed to trial with the knowledge that the defendant knows the gravity of his decision to proceed pro se. * * *." (Additional citations omitted). Glasure, supra at 235.
In Glasure, we also discussed the possibility of an implied waiver of the right to counsel. This court stated that even where there is an implied waiver of counsel, the trial court must first make a pretrial inquiry as to the waiver of counsel. We noted that if a defendant is made aware of the possible consequences of proceeding without counsel, then he or she will possibly make a greater attempt to retain counsel. Glasure, supra.
In the present matter, the trial court did not make a pretrial inquiry as to whether appellant waived his right to counsel, nor did the trial court advise appellant of the consequences of proceeding unrepresented by counsel. The only discussion between the trial court and appellant regarding counsel occurred during the following colloquy:
 "THE COURT: OK. LET THE RECORD REFLECT THERE'S A RESPONSE TO THE REQUEST FOR BILL OF PARTICULARS AND A MOTION FROM THE STATE FOR DISCOVERY, ALSO.
 "UH, THE COURT WILL ORDER ALL PRETRIAL MOTIONS AND RESPONSE TO STATE'S — WHEN ARE YOU GOING TO RETAIN COUNSEL.
"THE DEFENDANT: Sir —
"THE COURT: DO YOU HAVE ANY IDEA HOW SOON IT'S GOING TO BE?
 "THE DEFENDANT: Oh, probably as soon as I leave out of here if my counsel will come back on the case." (April 20, 1998 Hearing Tr. 9-10).
Thus, the trial court erred by failing to make adequate inquiry into whether appellant was making an intelligent and knowing waiver of his right to counsel. Gibson, supra. Furthermore, while appellee contends that appellant's motion for continuance constituted a delay tactic, the trial court was nonetheless required to make inquiry and to inform appellant as to the consequences of proceeding without counsel. The warning and inquiry were necessary even if appellant was engaged in delay tactics and must have been made before any waiver of the right to counsel could have been considered implied. Glasure, supra; Statev. Weiss (1993), 92 Ohio App.3d 681. Had the trial court made such inquiry and warned appellant of the consequences of proceeding unrepresented, and appellant nonetheless chose to proceed without defense counsel in an effort to delay, then appellant's actions could have constituted an implicit waiver of his right to counsel. Hook, supra; Glasure, supra. However, since the trial court made no effort to inquire or warn appellant, and instead acquiesced to appellant proceeding unrepresented, appellant was denied his right to counsel.
Appellant's first assignment of error is found to be with merit.
Appellant's second assignment of error alleges:
 "THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO CONFINEMENT IN COUNTY JAIL."
Appellant argues that the trial court violated Crim.R. 44 (B) in sentencing him to an incarceration term without first allowing him the right to retain counsel.
Given our discussion and ruling under appellant's first assignment of error, the arguments contained within this assignment of error are rendered moot and need not be addressed. App.R. 12 (A) (1) (c).
Appellant's third assignment of error alleges:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT ALL ELEMENTS OF THE OFFENSE WERE PROVED BEYOND A REASONABLE DOUBT."
Appellant essentially claims that there was insufficient evidence to support his conviction.
Again, given our discussion and ruling under appellant's first assignment of error, the arguments contained within this assignment of error are rendered moot and need not be addressed. App.R. 12 (A) (1) (c).
The judgment of the trial court is reversed and this cause is remanded for further proceedings according to law and consistent with this opinion.
Donofrio, J., concurs, Vukovich, J., concurs.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE