OPINION
On May 1, 2001, appellant, Roger McKinney, was arrested on an outstanding complaint alleging disorderly conduct. Appellant was arraigned on May 2, 2001, wherein he waived his right to court appointed counsel. On May 4, 2001, the trial court set a trial for June 6, 2001. On May 30, 2001, the trial court rescheduled the trial for June 28, 2001.
On June 26, 2001, appellant filed a motion for continuance in order to hire an attorney. On June 28, 2001, the day of trial, the trial court granted the continuance, informing appellant there would be no further continuances. The trial was rescheduled for August 23, 2001.
On August 20, 2001, appellant filed a financial disclosure/affidavit of indigency form and requested a court appointed attorney. On August 23, 2001, the day of trial, appellant appeared and indicated he was not prepared to go forward as he was without counsel. The trial court did not continue the trial and did not appoint counsel to represent appellant. The case proceeded and the jury found appellant guilty. By judgment entry filed same date, the trial court sentenced appellant to thirty days in jail.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT ERRED BY FAILING TO PROVIDE ROGER McKINNEY, WHO WAS FINANCIALLY UNABLE TO OBTAIN COUNSEL, A COURT APPOINTED ATTORNEY, BECAUSE ABSENT A KNOWING AND INTELLIGENT WAIVER, NO PERSON MAY BE IMPRISONED FOR ANY OFFENSE UNLESS HE WAS REPRESENTED BY COUNSEL AT TRIAL.
 II. THE TRIAL COURT ERRED BY FAILING TO ADEQUATELY CONSIDER MR. McKINNEY'S FINANCIAL SITUATION.
 I, II
Appellant claims the trial court erred in denying him court appointed counsel and failed to consider his affidavit of indigency. We disagree.
During his arraignment on May 2, 2001, appellant waived court appointed counsel. The matter was set for trial for June 6, 2001 and subsequently rescheduled for June 28, 2001.
On June 26, 2001, appellant filed a motion for continuance in order to obtain an attorney. On June 28, 2001, the day of trial, the trial court granted the continuance and noted "[n]o further continuances of your trial/hearing will be granted." The matter was reset for August 23, 2001.
On August 20, 2001, appellant filed a financial disclosure/affidavit of indigency form and requested a court appointed attorney. On August 23, 2001, the day of trial, the trial court specifically asked appellant why he had waited two months after the first continuance to request a court appointed attorney:
 THE COURT: Well, Mr. McKinney, I'd like for you to have one present, too. And in fact, we were here on June the 28th of 2001 for jury trial and on that date, you filed a, or actually June 26th, two days before that date, you filed a motion for continuance that says I am without funds at this time. I'm asking for a continuance that I may hire a lawyer. Thank you. And I granted you a continuance on that date for two months, until today. What have you done within the two months to get an attorney?
 MR. McKINNEY: Well, I talked with David Stokes. He wants $400.00 retainer and I haven't been any work here lately. I had, I have some work lined up but I just haven't been making any money to retain him.
 THE COURT: Well, I granted you one continuance for this. I can't grant you another one. I have a request for court appointed attorney which I received on, it is notarized August the 20th or three days before the date of your trial and it seems to me that after having two months notice or 60 days that really two days right before the trial is not a good faith effort on your part to seek a court appointed attorney, but merely another attempt to continue the proceedings or push them beyond when they were originally scheduled for.
 MR. McKINNEY: I planned to have money, have a job and that fell through with the guy. He had to pay for his son's hockey school.
T. at 2-3.
The trial court proceeded with the trial. The issue of granting a continuance is within a trial court's sound discretion. State v. Unger
(1981), 67 Ohio St.2d 65. The issue of appointment of counsel centers on the specific facts of each case. State v. Tymcio (1975), 42 Ohio St.2d 39.
Pursuant to Crim.R. 12(D) "[a]ll pretrial motions except as provided in Crim.R. 7(E) and 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions."
In June, the trial court allowed the matter to be continued in violation of the time limits of Crim.R. 12(D), but did state that no other continuances would be granted. Given the lack of timeliness of the August motion and request and the admonitions by the trial court in June, we cannot say that the trial court erred in denying said motion and request.
Appellant also claims that the trial court did not properly consider his affidavit of indigency. The financial disclosure statement shows that appellant resides with his mother, two brothers and a sister-in-law who combined have a monthly income of $1,664.00, and he has assets of $600.00 (two automobiles). Appellant apparently is subsidized by his family. In the record, the trial court states it has the request and affidavit, but no other inquiry is made. T. at 2.
In State v. Wagner (1993), 88 Ohio App.3d 27, 31, our brethren from the Fourth District noted "[a] reviewing court must apply a totality of the circumstances test to balance the defendant's right to counsel * * * against the trial court's need for the efficient and effective administration of criminal justice." (Citations omitted.)
Although at first blush the affidavit does establish appellant's indigency, we find the trial court did not err given the lack of diligence in timely requesting an attorney and the amount of assets available to him. Further, the record does not establish that the trial court disregarded his financial situation.
Assignments of Error I and II are denied.
The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.
By FARMER, J. HOFFMAN, P.J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Licking County, Ohio is affirmed.