The STATE of Ohio, Appellee,

v.

EDSALL, Appellant.

[Cite as *State v. Edsall* (1996), 113 Ohio App.3d 337.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17452.

Decided Aug. 7, 1996.

*Maureen O'Connor,* Summit County Prosecuting Attorney, and *Philip D. Bogdanoff,* Assistant Prosecuting Attorney, for appellee.

*Nicholas Swyrydenko,* for appellant.

SLABY, Judge.

William Edsall appeals from his convictions for two counts of aggravated burglary. We affirm.

Edsall was arrested and indicted in connection with two burglaries that occurred during the spring of 1995. Because he was indigent, the court appointed an attorney to represent him. Edsall's appointed attorney served throughout the pretrial phase of the case. On the scheduled trial date, Edsall's attorney told the court that Edsall no longer wanted his services. The trial judge stated that Edsall could hire a new attorney or could proceed *pro se,* with the appointed attorney sitting at the counsel table for advice if needed. The trial was continued for two days.

On the new trial date, both Edsall and his appointed counsel appeared. Edsall claimed that his attorney had "done absolutely nothing." The court denied Edsall's request for another postponement. Edsall proceeded to represent himself. From the transcript, it does not appear that Edsall requested his attorney's assistance during the trial. At the conclusion of trial, the jury found Edsall guilty of both counts of aggravated robbery, and the trial court sentenced him.

Edsall appeals and assigns one error.

## Assignment of Error

"[Edsall] was denied his Sixth Amendment right to the effective assistance of counsel where the trial court 1) denied [Edsall]'s request for a continuance and for change of appointed counsel; 2) forced [Edsall] to choose between being represented by court-appointed counsel in whom [Edsall] had no confidence, or representing himself; 3) allowed [Edsall] to represent himself at trial without

first determining on the record that [he] knowingly, intelligently, and voluntarily waived counsel; and 4) failed to obtain a written waiver of counsel from [Edsall] as required by Criminal Rule 44(C)."

■ Under the Sixth Amendment to the United States Constitution, a criminal defendant has the right to counsel. The defendant also has the right to serve as his own counsel, if he so chooses. *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. The right to self-representation, however, may be exercised only after the trial court ascertains that the defendant is voluntarily, knowingly, and intelligently waiving his right to counsel. *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399, paragraph one of the syllabus.

There is little doubt that Edsall never voluntarily waived his right to counsel. He repeatedly asserted his desire to be represented by a lawyer other than his appointed legal counsel. This case does not raise the issue whether there was a waiver of counsel.

The issues created upon the procedural posture of this case are the following:

(1) When the trial court complies with the provisions of Crim.R. 44(A), relative to assignment of counsel "at every stage of the proceedings," and appoints counsel who represents the defendant until the time of trial, and prior to trial defendant requests discharge of the appointed counsel, do the Criminal Rules provide for the procedure the trial court shall employ?

(2) If the procedure is not contemplated by the Criminal Rules, what is the standard for adjudicating the propriety of process employed by the trial court?

■ In this case the court did appoint counsel to represent Edsall "at every stage of the proceedings." Crim.R. 44(A). It was Edsall himself who ended representation by his appointed counsel. Under these circumstances it is incumbent upon a defendant to demonstrate to the court a justifiable reason for both the discharge of the appointed counsel and the request for appointment of new legal counsel. "[B]efore a motion for new counsel must be granted, the person making the motion must establish that that person and the attorney have no communication, cooperation or trust. *State v. Pruitt* (1984), 18 Ohio App.3d 50, 57, 18 OBR 163, 170–171, 480 N.E.2d 499, 507." *State v. Warren* (1990), 67 Ohio App.3d 789, 798, 588 N.E.2d 905, 911–912. "[A]n indigent defendant is entitled to the appointment of substitute counsel only upon a showing of good cause, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result." *State v. Blankenship* (1995), 102 Ohio App.3d 534, 558, 657 N.E.2d 559, 574.

Nowhere in the Criminal Rules is there a procedure prescribed for the trial court that faces this contingency. (The rules do allow an option to be exercised

by the defendant, waiver of counsel, but this option was never exercised by Edsall.)

Clearly, a defendant charged with a serious offense is entitled to representation of legal counsel, and to appointed counsel if indigent. See, *e.g.*, *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. He may voluntarily waive his right to counsel. *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. The waiver must be made knowingly, intelligently, and voluntarily, after the defendant is fully advised of his right to assigned counsel. Crim.R. 44(A).

Nevertheless, there are circumstances in which meeting the waiver requirements is not a prerequisite to *pro se* representation. Though the right to counsel weighs heavily in the balance with the effective and efficient administration of justice, it can be displaced by unjustified dilatory actions by the accused.

In *State v. Crebs* (1987), 42 Ohio App.3d 50, 536 N.E.2d 52, we affirmed the trial court's denial of a continuance, which led to the consequence of the defendant proceeding *pro se*. In *Crebs*, we held that we would not reverse the trial court's denial of a continuance unless the appellant showed an abuse of discretion. *Id.* at 51, 536 N.E.2d at 53, citing *State v. Unger* (1981), 67 Ohio St.2d 65, 21 O.O.3d 41, 423 N.E.2d 1078. We observed that a request for a continuance "cannot be used as a vehicle to frustrate the orderly administration of justice." *Id.* at 51–57, 536 N.E.2d at 53–54; see, also, *State v. Hook* (1986), 33 Ohio App.3d 101, 103, 514 N.E.2d 721, 723. Balancing the need for a continuance with the need for the efficient and effective administration of justice, we found no abuse of discretion because from the circumstances of the case we inferred defendant's waiver of the right to counsel. *Id.* at 52, 536 N.E.2d at 53. Thus, in *Crebs* we recognized that a defendant's implied waiver of the right to counsel provides one means for displacing the right to counsel by the weight of the efficient and effective administration of justice.

In the case *sub judice* the trial court's denial of Edsall's motion for a postponement likewise resulted in the defendant representing himself *pro se*. Though we do not find Edsall to have waived his right to counsel, we find no abuse of discretion by the trial court, in view of its extension of fundamental fairness to him.

There exist points at which the process of administering justice must be balanced with the defendant's right to counsel. The right to have counsel assigned by the court does not impose on the court a duty to allow the accused to choose his own counsel, for the selection of counsel is within the sound discretion of the court. *Thurston v. Maxwell* (1965), 3 Ohio St.2d 92, 32 O.O.2d 63, 209 N.E.2d 204. We have found that while "[t]he Constitution guarantees indigent

defendants competent appointed counsel at trial and on direct appeal, it does not guarantee counsel of choice." *State v. Bryant* (May 8, 1996), Summit App. No. 17618, unreported. Another such point is reached here where the indigent defendant had the same appointed counsel over the entire three-month period before trial, and attempted to discharge that counsel on the original trial date (two days in advance of the actual trial) without articulating to the court a justification for so doing.

A defendant may not defeat the process of administering justice by refusing to accept appointment of legal counsel—or discharge counsel previously appointed, as here—and also refusing to waive his constitutional right to counsel. Again, there is no record shown by Edsall that he tendered to the court any legitimate reason why his appointed counsel should be excused from further participation in the case.

Thus this court recently observed in a case where an appellant sought appointment of a new, replacement appellate counsel:

"This cause was heard upon appellant's *pro se* request * * * for new appointed counsel on appeal. Appellant claims counsel 'shows no interest' in his case. Review of this court's docket indicates that counsel has not been negligent in the proceedings of this case and thus far all appropriate filings have been timely made * * *. The Constitution guarantees indigent defendants competent appointed counsel at trial and on direct appeal, it does not guarantee counsel of choice. A defendant is always free to hire counsel of his choosing or represent himself *pro se*. If appellant in this case wishes to represent himself or hire counsel, or if his current appointed counsel can no longer handle appellant's appeal, then appointed counsel needs to move this court to withdraw as counsel * * * request * * * denied." *State v. Bryant* (May 8, 1996), Summit App. No. 17618, unreported, at 4.

The defendant in *Bryant* claimed that his counsel showed no interest; Edsall's sole justification for discharging his appointed counsel was that his counsel had "done absolutely nothing." As in *Bryant,* review of the court's docket in the case *sub judice* indicates no neglect on the part of Edsall's appointed counsel.

The trial judge, under these circumstances, need not invent a procedure out of whole cloth. The court is bound to extend to the defendant due process, and the process that is due includes a fair proceeding where the adjudicatory process follows historical practice and procedure, including compliance with the other provisions of criminal rules and statutes.

In this case the trial court granted a brief continuance of the previously scheduled trial, extended to the recalcitrant defendant an opportunity to hire his own legal counsel, appointed the appointed (unwanted) attorney as a standby

counsel, and assured the defendant that he would be liberal in his rulings during the trial and defendant's self-representation. The attorney was available to Edsall during the entire jury trial, although apparently never consulted by him.

A similar set of measures by a trial judge was approved by the Ohio Supreme Court in *Thurston, supra.* There the petitioner informed the court one day before trial that he had dismissed his counsel and alleged that he was obtaining new counsel, who was not present, and whom the petitioner did not expect to see until the following weekend. *Id.,* 3 Ohio St.2d at 92–93, 32 O.O.2d at 63–64, 209 N.E.2d at 205–206. The Ohio Supreme Court held that the trial court's denial of a continuance was within its discretion and that the court had properly preserved the petitioner's rights by appointing the dismissed counsel, who was most familiar with the case, to represent the petitioner. *Id.* at 93, 32 O.O.2d at 64, 209 N.E.2d at 205.

No challenge is made to the charges, the evidence, the conduct of the trial (except as to the issue of appointed counsel), the charge to the jury, or the jury verdict and the sentence.

A review of the entire record provided on appeal satisfies this court that fundamental fairness was provided at every step of the proceedings and that the trial court fashioned a responsible remedy for a procedural issue that is not addressed in the Ohio Rules of Criminal Procedure. It is not the purpose of the rules to frustrate or protract the administration of criminal justice; rather, the Rules of Criminal Procedure "shall be construed and applied to secure the fair, impartial, speedy, and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable expense and delay." Crim.R. 1(B).

*Judgment affirmed.*

REECE P.J. and MILLIGAN, J. concur.

JOHN R. MILLIGAN, JR., J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to Section 6(c), Article IV, Ohio Constitution.