OPINION
Defendant-appellant Marvin Bailey appeals from his conviction for breaking and entering (R.C. 2911.13), theft of property (R.C.2913.02), vandalism (R.C. 2909.05), possessing criminal tools (R.C. 2923.24), and failure to comply (R.C. 2921.331).
Appellant assigns the following errors for review:
 I. THE TRIAL COURT ERRED AND DENIED MARVIN BAILEY HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, WHEN IT OVERRULED HIS MOTION TO WAIVE COUNSEL AND REPRESENT HIMSELF.
 II. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED MARVIN BAILEY HIS CONSTITUTIONAL RIGHT TO COMPULSORY PROCESS, WHEN IT WOULD NOT PERMIT AN IMPORTANT DEFENSE WITNESS TO TESTIFY.
 III. MARVIN BAILEY HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW, BY HIS CONVICTIONS IN THE CASE AT BAR WHICH WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE TO PROVE HIS GUILT BEYOND A REASONABLE DOUBT.
 IV. MARVIN BAILEY WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL, BY THE REPEATED PROSECUTORIAL MISCONDUCT, WHICH IMPERMISSIBLY TAINTED THE JURY AGAINST HIM.
 V. MARVIN BAILEY WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY THE INADEQUATE PERFORMANCE OF DEFENSE COUNSEL IN THE CASE AT BAR.
 VI. MARVIN BAILEY WAS DENIED DUE PROCESS OF LAW, WHEN THE TRIAL COURT DENIED HIS MOTIONS FOR NEW TRIAL WITHOUT EVEN HOLDING A HEARING ON THE MOTIONS.
Finding the first assignment of error to have merit, the judgment of the trial court is reversed and remanded for new trial.
 I.
Appellant was issued two separate indictments by a Cuyahoga Grand Jury from charges stemming from an incident on March 5, 1997. In CR-349974, appellant was charged with one count of receiving stolen property. In CR-350105, the charges were for breaking and entering, theft with a value of five thousand dollars ($5,000.00) or more but less than ten thousand dollars ($10,000.00), vandalism with physical harm to property of over five hundred dollars ($500.00), possession of criminal tools, and failure to comply with order or signal of police. On November 7, 1997, appellant filed a pro se motion in which he asked the trial court to remove his appointed counsel from his case. In his motion, appellant stated: ". . . if this Court forces defendant to proceed with this attorney to trial then at the moment
defendant waives right to attorney and request to proceed Pro Se." Appellant then went on to name other attorneys whom he wanted appointed to represent him. The trial court denied the motion without a hearing.
The case proceeded to trial where appellant was represented by the attorney he had requested be removed. CR-349974 was dismissed at the request of the prosecution. The jury convicted appellant of all five counts of the indictment in CR-350105.
 II.
In his first assignment of error, appellant argues that the trial court denied appellant his constitutional right to effective assistance of counsel when it overruled the motion to disqualify his counsel. Appellant contends that he had an absolute right to waive his right to counsel and proceed pro se in the proceedings below.
The leading case on this issue is Faretta v. California (1975),422 U.S. 806, which held that a defendant has a constitutionally protected right to self-representation. The court stated: ". . . forcing a lawyer upon an unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so."Id. at 817. Counsels purpose is to aid the defendant. Id. at 820. The court observed that the right to defend is personal to the defendant who will bear the consequences of a conviction. Id. at 834.
Ohio has adopted the holding of Faretta. In State v. Gibson
(1976), 45 Ohio St.2d 366, the court held at paragraph one of the syllabus:
 The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so. Faretta v. California (1975), ___ U.S. ___, 42 L.Ed.2d 562.
The right to self-representation is unqualified if asserted prior to the empaneling of the jury. State v. Reed (Nov. 6, 1996), Hamilton App. Nos. C-940315, C-940322, unreported. This right to self-representation is afforded the same status as the right to counsel. The denial of the right to self-representation is grounds for reversing a conviction. State v. Doane (1990),69 Ohio App.3d 638. Indeed, denial of this right is reversible error per se. State v. Reed (1996), 74 Ohio St.3d 534. Once a defendant invokes his right to self-representation, a trial court must hold a hearing to determine whether the defendant fully understands this right and is intelligently relinquishing his right to representation by counsel. See Gibson, supra, at paragraph two of the syllabus.
Appellants pre-trial motion to disqualify counsel clearly stated his willingness to proceed pro se rather than having his appointed counsel continue to represent him. Appellant also asked that other attorneys be appointed instead. The right to appointed counsel does not include the right to select the attorney of the defendants choice. State v. Edsall (1996), 113 Ohio App.3d 337. However, because appellant also requested to represent himself rather than continue with his appointed counsel, he asked to exercise his right to self-representation. The trial courts denial of appellant's motion without a hearing resulted in reversible error.
Appellant's first assignment of error has merit.
 III.
The disposition of the first assignment of error moots appellant's remaining assignments of error.
Judgment reversed and remanded for new trial.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
MICHAEL J. CORRIGAN, J. and ANNE L. KILBANE, J. CONCUR.
LEO SPELLACY, PRESIDING JUDGE.