I respectfully disagree with the majority's analysis of Assignment of Error I. I would affirm the convictions but remand for resentencing for the reasons hereinafter stated.
This case presented sufficient evidence, as the majority concedes, that the defendant beat his girlfriend savagely, finally stepping on her arm and breaking her wrist in three places. When the downstairs neighbors, Mr. and Mrs. Fine, attempted to intervene and offer sanctuary to the victims of defendant's rage and assault, they too were seriously injured by defendant's unprovoked and outrageous conduct. He sucker-punched Mr. Fine in the mouth, bloodying his lip, breaking his dentures and loosening a tooth. Mrs. Fine, who had recently recovered from herniated disc surgery, was pushed and fell through a glass door causing recurrence of her back problems. The emergency room records of Lakewood Hospital supported the serious nature of these injuries and medical treatment received following this episode. It is not surprising that the jury found defendant guilty of felonious assault on these three innocent victims and the court sentenced defendant to three-year terms for each of three offenses. Although the majority gratuitously criticizes the conduct of defense counsel's performance (Maj. Opn. 6-7), there is no reason to think on this record that the outcome of the trial would have been any different, regardless of the defense counsel assigned.
I find no fault with the trial court's conduct, much less an abuse of discretion, in declining to entertain the defendant's eleventh-hour request for a change of counsel just prior to jury selection.
An indigent defendant has a right to competent counsel, not a right to counsel of his own choosing. State v. Blankenship (1995),102 Ohio App.3d 534, 558, citing Thurston v. Maxwell (1965),30 Ohio St.2d 92, 93. There is no constitutional right to a meaningful attorney-client relationship. Morris v. Slappy (1983), 461 U.S. 1,13-14. Rather, an indigent defendant is entitled to the appointment of substitute counsel only upon a showing of good cause, such as an actual conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result. Blankenship, supra, at 558, citing State v. Pruitt (1984),18 Ohio App.3d 50, 57.
To discharge a court-appointed attorney, the defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel. State v. Coleman (1988), 37 Ohio St.3d 286, paragraph four of the syllabus. In short, the conflict must be so severe that a denial of substitution of counsel would implicate a violation of the Sixth Amendment right to counsel. Blankenship, supra, at 558. It is incumbent upon the defendant to demonstrate to the court justifiable cause for both the discharge of the appointed counsel and the request for appointment of new counsel. See State v. Edsall (1996), 113 Ohio App.3d 337, 339. The existence of hostility and tension or personal differences which do not rise to the level of interfering with the preparation or presentation of a defense are not sufficient to justify discharging court-appointed counsel. See State v. Henness (1997), 79 Ohio St.3d 53, 65-66. In the absence of such a Sixth Amendment concern, the decision of a trial court to refuse substitution of counsel will be reversed only if the court has abused its discretion. State v. Pruitt (1984), 18 Ohio App.3d 50, 57.
The majority does not cite and appears to have overlooked State v. McNeill (1998), 83 Ohio St.3d 438, in which the defendant submitted to the trial court his motion to replace appointed counsel after the jury was impaneled and immediately before opening statements were to begin. The trial court found that, given the timing, the defendant's motion was made for the purpose of delay and, despite being given several previous opportunities, defendant did not bring his alleged problem to the court's attention until immediately before opening statements. The Supreme Court held that it was within the trial court's discretion to replace defendant's appointed counsel and that considering the timing of the motion, it was reasonable for the trial court to conclude that the defendant's purpose was solely delay. Id. at 452.
Similarly, in the instant case, defendant appeared on the day of his trial and orally requested to the court that his court-appointed counsel be removed and another appointed. No reason or explanation was offered by defendant. The record reflects that his trial counsel was appointed on January 6, 1999 and had been representing defendant for nearly two months by the time of trial. That counsel had also appeared on behalf of defendant at two separate pre-trials and had filed for discovery in his case. Suddenly, on the day of trial and without reason, defendant sought to have him removed even though he had not contacted another attorney to represent him.
As stated above, it was up to defendant to demonstrate to the court a justifiable cause for both the discharge of assigned counsel and the request for appointment of new counsel before the court's duty to investigate is required. However, in order to necessitate such an inquiry, the defendant must announce grounds for appointment of new counsel which are sufficiently specific to trigger the duty of further investigation. State v. Demetrius Smith (Sept. 14, 2000), Cuyahoga App. No. 76998, unreported at 6. The burden is on the defendant to state the reasons. In the instant case, defendant gave no justification for the request and had never previously mentioned any problem with counsel during the two months of his representation.
In my judgment, as in McNeill and Smith, the trial court here did not abuse its discretion in denying defendant's request. It was not unreasonable, arbitrary or unconscionable for the trial court to conclude that defendant's request was merely for the purpose of delaying his trial in the circumstances presented. I would overrule Assignment of Error I.
I concur with the majority's disposition of Assignment of Error II, III and IV without endorsing its speculative and advisory comments on the evidence. (Maj. Opn. at 19). I particulary reject the suggestion that Mr. Fine's cracked dentures resulting from a punch in the mouth are property damage not serious physical injury. Nor do I perceive that expert testimony would be required to establish serious physical injury to Mrs. Fine in such a case. When injuries to a victim are serious enough to cause him to seek medical treatment, as here, a jury may reasonably infer that the force exerted on the victim caused serious physical injury under R.C. 2901.01(E)(3). State v. Winston (1991), 71 Ohio App.3d 154, 159. See State v. Gary (May 9, 1996), Cuyahoga App. No. 69532, unreported at 3 and numerous cases from this Court. I concur in the remand for explanation of the consecutive sentences.