DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Kevin Harrison, has appealed from his convictions by the Summit County Court of Common Pleas for carrying a concealed weapon, having a weapon while under disability, possession of cocaine, and assault. We affirm.
Defendant was indicted on one count of carrying concealed weapons, in violation of R.C. 2923.12; one count of having weapons while under disability, in violation of R.C. 2923.13(A)(2); one count of possession of cocaine, in violation of R.C. 2925.11(A); one count of criminal damaging or endangering, in violation of R.C. 2909.06(A)(1); one count of vandalism, in violation of R.C. 2909.05(B)(2); and three counts of assault, in violation of R.C. 2903.13(A).
On the day of trial, Defendant requested that he be appointed new counsel. The trial court denied his request. At the conclusion of the State's case, the trial court granted Defendant's motion for a judgment of acquittal, pursuant to Crim.R. 29, as to the count of vandalism. Following a jury trial, Defendant was found not guilty of one count of assault and the count of criminal damaging or endangering, and guilty of the remaining counts. The Summit County Court of Common Pleas sentenced him accordingly.
Defendant timely appealed and has raised one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court abused its discretion in denying [Defendant's] request for change of appointed counsel.
In his sole assignment of error, Defendant argues that the trial court abused its discretion when it failed to replace Defendant's appointed counsel. We disagree.
"An indigent defendant has a right to competent counsel, not a right to counsel of his own choosing." State v. Blankenship (1995),102 Ohio App.3d 534, 558, citing Thurston v. Maxwell (1965),3 Ohio St.2d 92, 93. There is no constitutional right to a "meaningful attorney-client relationship." Morris v. Slappy (1983), 461 U.S. 1,13-14, 75 L.Ed.2d 610. "Rather, an indigent defendant is entitled to the appointment of substitute counsel only upon a showing of good cause, such as conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result."Blankenship, 102 Ohio App.3d at 558.
To discharge a court-appointed attorney, the defendant must demonstrate to the court justifiable cause for both the discharge of the appointed counsel and the request for appointment of new counsel. See State v.Edsall (1996), 113 Ohio App.3d 337, 339. The existence of "hostility and tension" or "personal differences" which do not rise to the level of interfering with the preparation or presentation of a defense are not sufficient to justify discharging court-appointed counsel. See State v.Henness (1997), 79 Ohio St.3d 53, 65-66. A trial court's decision regarding a request for new counsel is governed by an abuse of discretion standard. See State v. Coleman (1988), 37 Ohio St.3d 286, 292. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621.
In the present case, from the time Defendant arrived in the courtroom he was disorderly and disruptive. He used profanity, cursed, and insulted his attorney, as well as the trial court judge. The trial court attempted to inquire into the reasons for Defendant's seeking appointment of new counsel and to discuss his concerns. However, Defendant's continued outbursts and interruptions prevented any type of meaningful conversation to take place. The trial judge warned Defendant numerous times that if his inappropriate behavior continued he would be removed from the courtroom. Despite the warnings, Defendant persisted in his disrespectful behavior and was removed twice from the courtroom. After the jury was brought in, Defendant again lost his composure and was removed a third, and final, time from the courtroom. When Defendant refused to return, the trial was held in his absence and Defendant was represented by his previously appointed attorney.
A review of the transcript and Defendant's comments reveals that Defendant wanted new counsel appointed because he felt his appointed counsel (1) was argumentative; (2) failed to file unspecified motions; and (3) failed to communicate plea negotiations. Although Defendant presents various reports of tension and disagreement between Defendant and his attorney, they do not rise to the level of interfering with the preparation of a defense and, thus, are not sufficient to justify discharging court-appointed counsel. The asserted error is not demonstrated in the record, which shows, instead, that defense counsel properly and competently represented Defendant. The worth of defense counsel's efforts on behalf of Defendant is corroborated by his acquittal on the charges of vandalism, criminal damaging or endangering, and one count of assault. Further, there is no reason to believe, from what appears in the record, that the circumstances would have been any different if the trial court had granted the request to appoint new counsel. Therefore, we find no abuse of discretion in the trial court's denial of Defendant's request to replace appointed counsel. Defendant's assignment of error is overruled.
Defendant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
BATCHELDER, P. J. BAIRD, J. CONCUR