OPINION
Defendant Zaire L. Clark appeals a judgment of the Municipal Court of Zanesville, Muskingum County, Ohio, which convicted and sentenced her for three counts of assault in violation of Zanesville City Ordinance, Section 537.03. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 WHETHER A DEFENDANT IN A MISDEMEANOR TRIAL WHEN FACING INCARCERATION, HAS A RIGHT TO LEGAL COUNSEL. ALSO, WHETHER WHEN TRIED WITH CO-DEFENDANTS WHO HAVE LEGAL COUNSEL, SHOULD THE UNREPRESENTED CO-DEFENDANT BE TRIED SEPARATELY.
The record indicates appellant and two co-defendants were tried together for alleged assaults occurring out of the same incident. Appellant's co-defendants were each charged with two counts of assault. Appellant's co-defendants were each represented by legal counsel, but appellant was not. In a judgment entry of March 1, 2001, the court found appellant indigent and appointed counsel for her. Although the parties make allegations in their briefs, the record is silent regarding the events that caused appellant to appear pro se. The record contains a document with appellant's name on it purporting to waive her right to a jury trial and submit the matter to the bench, but the document is not signed or dated. The case record contains no waiver of counsel or written statement acknowledging appellant understood her rights.
We also have before us a transcript of the trial held May 29, 2001 and June 20, 2001. Prior to the start of trial, the court addressed appellant, but merely to ask if she were appearing pro se. Appellant did cross examine witnesses on her own behalf, and at one point the court advised her it did not wish to exclude her input from the trial. The record contains no demonstration the court inquired if appellant knowingly, intelligently, and voluntarily waived her right to counsel.
Crim.R. 22 requires all waivers of counsel to be recorded. Crim.R. 44 provides if defendant is unable to obtain counsel, no sentence of confinement may be imposed upon the defendant unless after being fully advised by the court, the defendant knowingly, intelligently, and voluntarily waives the assignment of counsel. The rule provides the waiver of counsel shall be in open court, and the advice by the court and the waiver by the defendant must be recorded. In serious offense cases the waiver must be in writing.
At trial, appellant made various admissions, including admitting she "mooshed" one of the alleged victims, partly because one of the alleged victims is jealous of appellant and her husband, Eight Ball. Appellant denied putting her hands on either of the other two victims.
The State concedes that absent a knowing and intelligent waiver, no defendant may be imprisoned for any offense unless represented by counsel at trial, see Argersinger v. Hamlin (1972), 407 U.S. 25. The State directs us to State v. Edsal (1996), 113 Ohio App.3d 337, wherein the Court of Appeals for Summit County held a defendant may not defeat the process of justice by refusing to accept appointment of counsel but also refusing to waive his right to counsel. The court found when the defendant arrives at court on the day of trial, without having taken the action to obtain counsel, then the court may infer a waiver. The State urges the facts in Edsal were similar to the case at bar. However, the record before us does not substantiate the State's allegations regarding what occurred prior to trial.
Even if we were to find appellant waived her right to counsel, this would still not relieve the court of advising appellant of her rights prior to beginning the trial.
Because we find the record does not support the State's contention appellant waived her right to counsel, we need not address appellant's argument regarding severance of her case from those of her two co-defendants.
The assignment of error is sustained.
For the foregoing reasons, the judgment the Municipal Court of Zanesville, Muskingum County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Zanesville, Muskingum County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.
By Gwin, P.J., Wise, J., and Edwards, J., concur.