OPINION
{¶ 1} Defendant-appellant Carlin Baucom ("Baucom") brings this appeal from the judgment of the Court of Common Pleas of Shelby County finding Baucom guilty of four counts of trafficking in drugs and sentencing him to a total of 33 months in prison.
 {¶ 2} On four separate occasions, Baucom allegedly sold crack cocaine to a confidential informant. Each of the samples purchased by the informant was tested at a laboratory and found to be crack cocaine. On January 9, 2003, Baucom was arrested for these sales. Discovery was disclosed to Baucom on March 4, 2003, but three of the lab reports were missing. The trial court ordered the State to provide the lab reports within two weeks. These lab reports were provided before the discovery deadline. On March 19, 2003, Baucom requested new counsel because he felt that his current appointed counsel would not effectively assist him at trial. The basis for this belief was that counsel informed Baucom that he should take the plea agreement because counsel believed that Baucom would lose at trial. At the hearing, Baucom stated that he did not want defense counsel's assistance because counsel would not file a motion to compel and would not help him present witnesses in his defense. Defense counsel then explained to the court that the motion to compel was not necessary because the missing reports had been supplied. Defense counsel also stated that Baucom had not provided him with any names of potential witnesses. The trial court then informed Baucom that it would not appoint new counsel. The trial court gave Baucom the option of either using defense counsel previously appointed or terminating counsel's employment and Baucom could represent himself with counsel as an advisor. Baucom proceeded to trial representing himself. At trial, a jury found Baucom guilty on all counts. The trial court then sentenced him to 11 months in prison on all counts with the first three counts to be served consecutively and the fourth count to be served concurrently. It is from this judgment that Baucom appeals and raises the following assignments of error.
The trial court erred to the prejudice of [Baucom's] Sixth Amendmentright to the assistance of counsel where it refused to substitute trialcounsel following an inquiry into whether the substitution of counselwould be warranted in the case, where [Baucom] evidenced to the court hisstrong distrust and dissatisfaction with his appointed counsel, and wherehe wished to have his counsel removed and replaced with new appointedcounsel.
 The trial court violated due process under Article I, § 16, of theOhio Constitution and the Fourteenth Amendment of the U.S. Constitution,when the trial court denied [Baucom's] attack on the state's evidence.
 The cumulative effect of the aforementioned and argued trial courterrors I and II are sufficient to call into question the validity of theverdict, preventing the appellant from obtaining a fair trial asguaranteed by the Fifth and Sixth Amendments to the U.S. Constitution asmade applicable to the states by the Fourteenth Amendment, and ArticleI, § 16 of the Ohio Constitution.
 {¶ 3} In the first assignment of error, Baucom essentially argues that he was denied effective assistance of counsel. However, the choice not to have counsel was Baucom's. The trial court appointed counsel and there is no evidence in the record that counsel's performance prior to the point he was terminated by Baucom was anything but competent. The fact that Baucom did not like the advice and did not want to follow it does not make the attorney incompetent. The record reveals that counsel had good reasons for the advice given. In addition, the failure to call witnesses was because Baucom failed to give counsel any names. Counsel informed the trial court that although he had advised Baucom to take the plea agreement, he was ready and willing to proceed to trial as Baucom wished.
There exist points at which the process of administering justice mustbe balanced with the defendant's right to counsel. The right to havecounsel assigned by the court does not impose on the court a duty toallow the accused to choose his own counsel, for the selection of counselis within the sound discretion of the court. * * * We have found thatwhile "[t]he Constitution guarantees indigent defendants competentappointed counsel at trial and on direct appeal, it does not guaranteecounsel of choice." * * * Another such point is reached here where theindigent defendant had the same appointed counsel over the entirethree-month period before trial, and attempted to discharge that counselon the original trial date (two days in advance of the actual trial)without articulating to the court a justification for so doing. Adefendant may not defeat the process of administering justice by refusingto accept appointment of legal counsel — or discharge counselpreviously appointed, as here — and also refusing to waive hisconstitutional right to counsel. * * *
 The Constitution guarantees indigent defendants competent appointedcounsel at trial and on direct appeal, it does not guarantee counsel ofchoice. A defendant is always free to hire counsel of his choosing orrepresent himself pro se. If appellant in this case wishes to representhimself or hire counsel, or if his current appointed counsel can nolonger handle appellant's appeal, then appointed counsel needs to movethis court to withdraw as counsel * * * request * * * denied."
 State v. Edsall (1996), 113 Ohio App.3d 337, 340-341, 680 N.E.2d 1256
(citations omitted). Since Baucom, less than a week before trial, did not want to be represented by counsel, he had the option of terminating the employment and representing himself. He chose to take this option. The trial court protected his rights by having counsel remain in an advisory position. The fact that Baucom chose not to make use of counsel is his decision, so any error was invited. Thus, the first assignment of error is overruled.
 {¶ 4} In the second assignment of error, Baucom claims that the trial court erred by not permitting him to fully question the State's witnesses about the lateness of the reports. The admission of evidence is within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, 510 N.E.2d 343. Baucom argues that the trial court stopped his questioning when he mentioned the delay in receiving the reports. However, the transcript reveals that the trial court permitted Baucom to question the witness about the reasons behind the delay. Tr. 134-135.
 {¶ 5} Baucom also claims that the trial court erred by not permitting him to weigh the substance or question the chemist about the packaging. Again, the record reveals that no error was made. Baucom did not attempt to ask the witness questions, but instead was making arguments to the jury about what he believed the facts to be. Tr. 105-106, 228-229. The trial court permitted Baucom to make a certain number of statements, but put an end to it when Baucom had gone too far. The trial court then noted Baucom's objections for the record. A review of the record indicates that Baucom received the benefit of the trial court's indulgence on several instances of cross-examination. Thus, the trial court did not err in terminating the questioning when it had gone too far. The second assignment of error is overruled.
 {¶ 6} Finally, Baucom claims that the cumulative effect of the errors was to deny him a fair trial.
Under the doctrine of cumulative error," a conviction will be reversedwhere the cumulative effect of errors in a trial deprives a defendant ofthe constitutional right to a fair trial even though each of numerousinstances of trial court error does not individually constitute cause forreversal." The doctrine of cumulative error is inapplicable where thereare not multiple instances of harmless error.
 State v. Leach, 150 Ohio App.3d 567, 2002-Ohio-6654, 782 N.E.2d 631, ¶ 57. In this case, no errors have been found, thus there can be no cumulative prejudicial effect. The third assignment of error is overruled.
 {¶ 7} The judgment of the Court of Common Pleas of Shelby County is affirmed.
Judgment affirmed.
Shaw and Cupp, JJ., concur.