[Cite as *State v. Clayton*, 2025-Ohio-1125.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

DARNELL CLAYTON

    Appellant

C.A. No.     31192

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR-2021-07-2465-B

DECISION AND JOURNAL ENTRY

Dated: March 31, 2025

CARR, Judge.

{¶1}    Defendant-Appellant Darnell Clayton appeals the judgment of the Summit County Court of Common Pleas. This Court reverses and remands the matter for further proceedings.

I.

{¶2}    In August 2021, Clayton was indicted on one count of felonious assault. A firearm specification accompanied the charge. The matter proceeded to a jury trial. After two witnesses for the prosecution testified, Clayton reached an agreement with the prosecution. On May 6, 2024, Clayton entered a plea of guilty to the count of felonious assault and a one-year firearm specification, as opposed to the three-year specification listed in the indictment. On May 29, 2024, Clayton's trial counsel filed a motion to withdraw the plea and a motion to withdraw as counsel.

{¶3}    An entry filed June 7, 2024, indicated that on June 4, 2024, the prosecutor, defense counsel, and Clayton appeared in court. It also stated that defense counsel's motion to withdraw was denied and that a hearing was set for June 7, 2024. Minutes later, another entry was filed

denying Clayton's motion to withdraw his pre-sentence plea, granting defense counsel's motion to withdraw, and indicating new counsel would be appointed for sentencing.

{¶4} Thereafter, Clayton was sentenced. Clayton has appealed, raising three assignments of error for our review. The assignments of error will be addressed out of sequence, and some will be consolidated, to facilitate our review.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED WHEN IT NEGLECTED TO APPOINT NEW COUNSEL TO REPRESENT DEFENDANT AT HIS HEARING ON HIS MOTION TO WITHDRAW PLEA[.]

{¶5} Clayton argues in his second assignment of error that the trial court erred in failing to appoint new counsel to represent him at the hearing on the motion to withdraw his plea.

{¶6} "An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel." *State v. Dawalt*, 2007-Ohio-2438, ¶ 14 (9th Dist.), quoting *State v. Cowans*, 87 Ohio St.3d 68, 72 (1999). Examples of good cause include "a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result." *State v. Edsall*, 113 Ohio App.3d 337, 339 (9th Dist. 1996), quoting *State v. Blankenship*, 102 Ohio App.3d 534, 558 (12th Dist. 1995). "Factors to consider in deciding whether a trial court erred in denying a defendant's motion to substitute counsel include 'the timeliness of the motion; the adequacy of the court's inquiry into the defendant's complaint; and whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense.'" *State v. Simmons*, 2020-Ohio-614, ¶ 22 (9th Dist.), quoting *State v. Jones*, 91 Ohio St.3d 335, 342 (2001).

**{¶7}** Thus, "[t]o discharge a court-appointed attorney, the defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize a defendant's right to effective assistance of counsel." (Internal quotations and citation omitted.) *Dawalt* at ¶ 15, quoting *State v. Coleman*, 37 Ohio St.3d 286, 292 (1988). "A mere [d]isagreement between the attorney and client over trial tactics and strategy does not warrant a substitution of counsel. Moreover, mere hostility, tension and personal conflicts between attorney and client do not constitute a total breakdown in communication if those problems do not interfere with the preparation and presentation of a defense." (Internal quotations and citation omitted.) *Dawalt* at ¶ 15.

> Defendant bears the burden of presenting evidence that demonstrates grounds for the appointment of new counsel. If a defendant alleges facts, which, if true, would require relief, the trial court must inquire into the defendant's complaint and make the inquiry part of the record. Although the inquiry may be brief and minimal, the inquiry must be made. Even that limited judicial duty arises only if the allegations are sufficiently specific; vague or general objections do not trigger the duty to investigate further.

(Internal quotations and citations omitted.) *Id.*

**{¶8}** The trial court's decision is reviewed for an abuse of discretion. *Id.* at ¶ 14. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶9}** As noted above, on May 29, 2024, Clayton's counsel filed a combined motion to withdraw Clayton's plea and motion to withdraw as counsel. In that motion, defense counsel stated that Clayton requested that "present counsel be removed and new counsel be appointed to represent him in th[e] matter." Defense counsel noted, in support of his argument that Clayton should be allowed to withdraw his plea, that Clayton perceived that he was pressured to enter a plea. Defense counsel then indicated that "there has been an irreconcilable break[down] in the

attorney client relationship precluding this attorney from further representing [Clayton]. [Clayton] agrees and wishes new counsel to [be] appointed to represent him." Defense counsel concluded the filing by asking the trial court to "grant the instant motion, allow [Clayton] to withdraw his plea, schedule a new trial date, remove present counsel and appoint new counsel." Defense counsel specifically requested a hearing on the motion.

{¶10} While an entry was filed on June 7, 2024, indicating that the prosecutor, defense counsel, and Clayton appeared in court on June 4, 2024, there is nothing in the record that details what transpired at that time nor is there any indication that a record was made of what transpired. *See Dawalt*, 2007-Ohio-2438, at ¶ 15 (9th Dist.); *Simmons*, 2020-Ohio-614, at ¶ 22 (9th Dist.). Instead, the entry merely indicates that defense counsel's motion to withdraw was denied without further explanation.

{¶11} The same day that the entry was filed, a hearing was held. The trial court informed the parties that the hearing was to address Clayton's motion to withdraw his plea. Defense counsel interjected and noted that Clayton also did not wish for defense counsel to represent Clayton. When Clayton was given the opportunity to speak, he stated that he felt defense counsel was not doing everything he could, that defense counsel was too friendly with the prosecutor, and that defense counsel was not saying things that Clayton wanted defense counsel to say. Clayton also indicated that defense counsel brought up Clayton pleading every time they talked. Clayton clarified that he wished his counsel would have stopped telling Clayton to take a plea when he told defense counsel two years ago that he did not want to plead. Clayton asserted he felt forced to take the plea. Clayton offered that he had witnesses who could testify on his behalf. The trial court explained that Clayton's witnesses did not testify because the trial was stopped while the

State was still presenting evidence, and the State presents first. Clayton maintained that he did not understand that was the way the trial worked.

{¶12} Defense counsel then stated that, "to the extent that I did file a motion to withdraw, until that's granted I guess it's my obligation to represent the client's wishes. It does put me [in] a spot though, because what I will tell you is that the motion requires me to argue impugning my professional actions, which I will not do. But I think it speaks to the imperfections of the communications." Defense counsel then reiterated that it was Clayton's belief that defense counsel forced him to plead.

{¶13} At the end of the hearing, the trial court agreed to grant defense counsel's motion to withdraw and informed Clayton that a new attorney would be appointed to represent him for purposes of sentencing. That day, the trial court issued an entry denying Clayton's motion to withdraw his plea, granting defense counsel's motion to withdraw, and indicating new counsel would be appointed for sentencing.

{¶14} Given the circumstances before us, we conclude that the trial court abused its discretion in failing to appoint new counsel to represent Clayton at the hearing on his motion to withdraw his plea. Despite defense counsel's concerns articulated in the motion, from the record it does not appear that there was an inquiry into them prior to the trial court denying defense counsel's motion to withdraw in the June 7, 2024 entry. *See Dawalt*, 2007-Ohio-2438, at ¶ 15 (9th Dist.); *Simmons*, 2020-Ohio-614, at ¶ 22 (9th Dist.).

{¶15} Further, when the issue was raised again at the hearing on the motion to withdraw the plea, more specifics about the concerns between defense counsel and Clayton became known; defense counsel expressed his concern over continuing to represent Clayton in light of the issues he was raising, which would "impugn[] [defense counsel's] professional actions[.]" Thus, the trial

court put defense counsel in an untenable position: either attribute misconduct to himself or fail to adequately represent Clayton. Notably, the trial court did not directly ask defense counsel or Clayton about why Clayton felt that he needed new counsel. Nonetheless, the trial court must have concluded that sufficient evidence was presented to justify allowing defense counsel to withdraw and a new attorney to be appointed as, at the end of the hearing, the trial court granted defense counsel's motion to withdraw and indicated new counsel would be appointed to represent Clayton at sentencing. Even if we were to conclude that the trial court did not abuse its discretion in denying defense counsel's motion to withdraw in the initial June 7, 2024 entry, the same cannot be said with respect to the trial court's actions at the hearing on the motion to withdraw Clayton's plea. This is particularly so in light of the trial court's ultimate conclusion at the end of the hearing that Clayton was entitled to new counsel. Once it became apparent to the trial court that Clayton was entitled to have new counsel to represent him, the trial court should have continued the hearing, granted defense counsel's motion to withdraw, and appointed new counsel who could zealously represent Clayton's interests with respect to his motion to withdraw his plea.

{¶16} Clayton's second assignment of error is sustained, and the matter is remanded for a new hearing on Clayton's motion to withdraw his plea.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S PRE-SENTENCE MOTION TO VACATE HIS GUILTY PLEA[.]

### ASSIGNMENT OF ERROR III

APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS WHEN HE WAS SUPPLIED WITH INEFFECTIVE COUNSEL AT HIS HEARING ON HIS MOTION TO WITHDRAW PLEA[.]

**{¶17}** Clayton argues in his first assignment of error that the trial court abused its discretion in denying his motion to withdraw his guilty plea. Clayton argues in his third assignment of error that trial counsel was ineffective. In light of this Court's resolution of Clayton's first assignment of error, these assignments of error have been rendered moot, and we decline to address them.

### III.

**{¶18}** Clayton's second assignment of error is sustained. Clayton's first and third assignments of error are moot. The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for a new hearing on Clayton's motion to withdraw his plea.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

KENNETH C. MARTIN, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.