[Cite as *State v. Condupi*, 2026-Ohio-1132.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 2024CA0098-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHN M. CONDUPI, JR. | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 2023CR0663 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2026

SUTTON, Judge.

{¶1} Defendant-Appellant John Condupi appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

**Relevant Background Information**

{¶2} Mr. Condupi was indicted on one count of rape, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. The indictment alleged Mr. Condupi engaged in sexual conduct with A.S., who was not his spouse, and that A.S. was less than 13 years of age, whether or not Mr. Condupi knew A.S.'s age. Mr. Condupi pleaded not guilty to the charge and subsequently moved for a competency and sanity evaluation. After two competency and sanity evaluations, the trial court determined Mr. Condupi was presently competent to stand trial and did not suffer from a severe mental defect at the time of the alleged offense.

{¶3}    On June 17, 2024, Mr. Condupi moved pro se for new counsel. On July 26, 2024, Mr. Condupi's counsel moved to withdraw. The court granted the motion and appointed Mr. Condupi new counsel. On August 6, 2024, Mr. Condupi again moved pro se for new counsel. The trial court denied Mr. Condupi's motion. Mr. Condupi, pro se, moved two more times for new counsel and the trial court denied both motions. On September 23, 2024, the matter came before the trial court for a change of plea hearing, but Mr. Condupi indicated he did not wish to change his plea. Mr. Condupi then made an oral motion for new counsel and the trial court denied the motion. On November 5, 2024, Mr. Condupi moved pro se for new counsel and the trial court denied the motion.

{¶4}    On November 12, 2024, the matter proceeded to a bench trial after Mr. Condupi waived his right to a jury trial. The trial court found Mr. Condupi guilty of rape. The trial court sentenced Mr. Condupi to a mandatory indefinite prison term of a minimum of ten years imprisonment to a maximum of life imprisonment. Mr. Condupi was ordered to register as a Tier III Sex Offender and the trial court also advised him regarding a mandatory period of 5 years post-release control.

{¶5}    Mr. Condupi now appeals raising two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED BY DENYING MR. CONDUPI'S MOTION FOR NEW COUNSEL WITHOUT A HEARING.**

{¶6}    In his first assignment of error, Mr. Condupi argues the trial court erred in denying his pro se motions for new counsel without a hearing.

{¶7}    "An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel." *State v. Dawalt*,

2007-Ohio-2438, ¶ 14 (9th Dist.), quoting *State v. Cowans*, 87 Ohio St.3d 68, 72 (1999). Examples of good cause include "a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result." *State v. Edsall*, 113 Ohio App.3d 337, 339 (9th Dist. 1996), quoting *State v. Blankenship*, 102 Ohio App.3d 534, 558 (12th Dist. 1995). "Factors to consider in deciding whether a trial court erred in denying a defendant's motion to substitute counsel include 'the timeliness of the motion; the adequacy of the court's inquiry into the defendant's complaint; and whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense.'" *State v. Simmons*, 2020-Ohio-614, ¶ 22 (9th Dist.), quoting *State v. Jones*, 91 Ohio St.3d 335, 342 (2001).

**{¶8}** Thus, "[t]o discharge a court-appointed attorney, the defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize a defendant's right to effective assistance of counsel." (Internal quotations and citation omitted.) *Dawalt* at ¶ 15, quoting *State v. Coleman*, 37 Ohio St.3d 286, 292 (1988). "A mere [d]isagreement between the attorney and client over trial tactics and strategy does not warrant a substitution of counsel. Moreover, mere hostility, tension and personal conflicts between attorney and client do not constitute a total breakdown in communication if those problems do not interfere with the preparation and presentation of a defense." (Internal quotations and citation omitted.) *Dawalt* at ¶ 15.

**{¶9}** Further, a "[d]efendant bears the burden of presenting evidence that demonstrates grounds for the appointment of new counsel." *Id.*

> If a defendant alleges facts, which, if true, would require relief, the trial court must inquire into the defendant's complaint and make the inquiry part of the record. Although the inquiry may be brief and minimal, the inquiry must be made. Even that limited judicial duty arises only if the allegations are sufficiently specific; vague or general objections do not trigger the duty to investigate further.

(Internal quotations and citations omitted.) *Id*.

{¶10} We review a trial court's decision to deny a motion for the appointment of substitute counsel for an abuse of discretion. *Id*. at ¶ 14. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶11} Here, the record indicates the trial court granted Mr. Condupi's first court appointed counsel's motion to withdraw, after Mr. Condupi filed two pro se motions for substitution of counsel. The trial court then appointed new counsel to represent Mr. Condupi in this matter. Within eight days of the appointment of his new counsel, Mr. Condupi filed a pro se motion for substitution of counsel. In his motion, Mr. Condupi indicated, "[t]he Defendant declares no confidence in [his newly appointed counsel] as representing counsel for the reasons of ineffectiveness and conflict of interest resulting from multiple erroneous statements." The trial court denied Mr. Condupi's motion. Seven days after the trial court denied Mr. Condupi's pro se motion, Mr. Condupi filed another pro se motion to "Dismiss Counsel." In this motion, Mr. Condupi asserted, "[r]elationship with [counsel] has broken down due to Rule 16(A), (B)(3), (E)(2), (H)(1), and Division (C) unsatisfied effective assistance of counsel is jeopardized." The trial court denied Mr. Condupi's motion. Mr. Condupi filed another pro se motion for substitution of counsel, this time asserting counsel had not provided him with certain items of discovery and had not discussed details of the case with him. The trial court denied Mr. Condupi's motion. At a change of plea hearing on September 23, 2024, Mr. Condupi, after indicating he did not wish to change his plea, made an oral motion for substitution of counsel. The trial court denied the motion stating Mr. Condupi has "competent counsel representing [him]." Mr. Condupi filed one last pro se motion to "Dismiss Counsel" on November 5, 2024, wherein he alleged counsel's incompetence

for failing to "prepare any presentation of a competent defense[,]" and expressed counsel did not want to take the case to trial or "examine the alleged victim on the witness stand[.]" The trial court denied this motion.

{¶12} Upon review of this record, we cannot say the trial court abused its discretion in denying Mr. Condupi's multiple pro se motions to substitute or dismiss his second appointed counsel without a hearing. As indicated above, the trial court allowed Mr. Condupi's first appointed counsel to withdraw and then appointed Mr. Condupi new counsel to represent him in this matter. Almost immediately after the appointment of his new counsel, Mr. Condupi began filing pro se motions to substitute his newly appointed counsel for various reasons including having no confidence in counsel, believing counsel to be ineffective, asserting a general conflict of interest with no supporting facts, alleging counsel made erroneous statements, and indicating issues with discovery and trial tactics. Mr. Condupi did not, however, meet his burden to show a breakdown in the attorney-client relationship of such magnitude as to jeopardize his right to effective assistance of counsel. Indeed, most of Mr. Condupi's complaints were general in nature and actually showed ongoing attorney-client communications between Mr. Condupi and counsel. "A mere [d]isagreement between the attorney and client over trial tactics and strategy does not warrant a substitution of counsel." *Dawalt*, 2007-Ohio-2438, at ¶ 15.

{¶13} Accordingly, Mr. Condupi's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT IMPOSED POST[-]RELEASE CONTROL ON A PRISON TERM WITH A LIFE SENTENCE.**

{¶14} In his second assignment of error, Mr. Condupi argues the trial court committed plain error when it imposed post-release control on a prison term for rape with a life sentence.

**{¶15}** Pursuant to R.C. 2967.28:

(B) Each sentence to a prison term, *other than a term of life imprisonment*, for a felony of the first degree, for a felony of the second degree, *for a felony sex offense*, or for a felony of the third degree that is an offense of violence and is not a felony sex offense shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment.

(Emphasis added.)

**{¶16}** "For persons serving life sentences, we instead look to Ohio's parole provisions."

*State v. Stanley*, 2026-Ohio-197, ¶ 29 (5th Dist.). R.C. 2967.01(E) states:

"Parole" means, regarding a prisoner who is serving a prison term for aggravated murder or murder, *who is serving a prison term of life imprisonment for rape* or for felonious sexual penetration as it existed under section 2907.12 of the Revised Code prior to September 3, 1996, or who was sentenced prior to July 1, 1996, a release of the prisoner from confinement in any state correctional institution by the adult parole authority that is subject to the eligibility criteria specified in this chapter and that is under the terms and conditions, and for the period of time, prescribed by the authority in its published rules and official minutes or required by division (A) of section 2967.131 of the Revised Code or another provision of this chapter.

(Emphasis added.)

**{¶17}** Here, the trial court found Mr. Condupi guilty of rape, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. The trial court sentenced Mr. Condupi "to life in prison with the possibility of parole after ten years." The trial court further clarified, "[a]nd specifically the statute says a minimum term of ten years and a maximum term of life imprisonment." After instructing Mr. Condupi regarding his obligations to register as a Tier III Sex offender, the trial court advised Mr. Condupi, "if you are released from prison, you are subject to post-release control for a mandatory period of five years." The trial court also included post-release control language in its judgment entry.

**{¶18}** However, because Mr. Condupi was sentenced to life imprisonment with the possibility of parole after serving a minimum of ten years, post-release control was not a subject

the trial judge needed to address with Mr. Condupi at the sentencing hearing or include in the judgment entry. Therefore, the reference to post-release control should be deleted from Mr. Condupi's judgment entry without the need for a new sentencing hearing. *See State v. Stanley*, 2026-Ohio-197, at ¶ 27-35. *See also State v. Anderson*, 2010-Ohio-2085, ¶ 30 (8th Dist.) ("because the trial court erroneously included a post[-]release control provision in the sentencing entry, the matter must be remanded to correct the sentencing entry.") Further, although the post-release control language must be deleted from the judgment entry, this does not rise to the level of plain error as there is no manifest miscarriage of justice.

{¶19} Accordingly, Mr. Condupi's second assignment of error is overruled.

III.

{¶20} Mr. Condupi's assignments of error are overruled. The judgment of the Medina Court of Common Pleas is affirmed. This matter, however, is remanded to the trial court for the court to prepare a corrected judgment entry omitting any reference to post-release control.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

FLAGG LANZINGER, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

STEPHEN P. HARDWICK, Assistant Public Defender, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.